IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| CALLIE CHARLINE WHITE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:18-cv-00745-O-BP |
| | § | |
| ANDREW SAUL, Commissioner | § | |
| of the Social Security Administration, | § | |
| | § | |
| Defendant. | § | |

## ORDER PARTIALLY ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff Callie Charline White ("Plaintiff") filed this action seeking judicial review of a final adverse decision of the Commissioner of Social Security (the "Commissioner"),[1] who denied her application for a period of disability and disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 405(g). *See* Compl., ECF No. 1. The Commissioner has filed an answer, *see* Answer, ECF No. 12, and a certified copy of the transcript of the administrative proceedings, *see* SSA Admin. R. (hereinafter, "Tr."), ECF No. 14-1, including the hearing before the Administrative Law Judge ("ALJ"). The parties have briefed the issues. *See* Pl.'s Br., ECF No. 16; Def.'s Br., ECF No. 17; Pl.'s Reply, ECF No. 18. Pursuant to 28 U.S.C. § 636(b), the case was referred to United States Magistrate Judge Hal R. Ray, Jr., for review and submission of proposed findings of fact and recommendation for disposition. On July 2, 2019, the United States Magistrate Judge filed his

---

[1] On June 17, 2019, Andrew Saul assumed the office of Commissioner of the Social Security Administration, replacing Nancy A. Berryhill, who was the Acting Commissioner of the Social Security Administration. In accordance with Federal Rule of Civil Procedure 25(d), the Court automatically substitutes Andrew Saul as Defendant.

**Order - Page 1**

Findings, Conclusions and Recommendation (the "Report"), in which he recommended that the Court affirm the Commissioner's decision and dismiss Plaintiff's Complaint. Report, ECF No. 19. Plaintiff filed timely objections to the Report. Objections, ECF No. 20. The Commissioner did not file a response to Plaintiff's objections.

For the reasons that follow, the Court accepts the Report in part and declines to accept it in part as stated herein after reviewing all relevant matters of record, including the pleadings, legal briefing, transcript of the administrative record, Report, and the filed objections, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3).

**I.   BACKGROUND**

Plaintiff alleges she is disabled due to a variety of ailments, including anxiety, depression, fibromyalgia, migraines, a history of breast cancer, and obesity. After her application for disability insurance benefits was denied initially and on reconsideration, Plaintiff requested a hearing before an ALJ. That hearing was held on April 10, 2017, in Dallas, Texas. At the time of the hearing Plaintiff was forty-nine years old. She has a high school general equivalency diploma and past relevant work experience as an order puller, inspector, and warehouse coordinator. The ALJ found that Plaintiff was not disabled and, therefore, not entitled to disability insurance benefits. At step one of the five-step sequential process,[2] the ALJ found that Plaintiff had not engaged in substantial

---

[2] The Commissioner has promulgated a five-step sequential process to be used by hearing officers in evaluating a disability claim. *See* 20 C.F.R. § 404.1520(b)-(f); *Audler v. Astrue*, 501 F.3d 446, 447-48 (5th Cir. 2007). The hearing officer is required to ascertain: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a severe impairment; (3) whether the claimant has an impairment that "meets or equals a listed impairment in Appendix 1" of the regulations; (4) if the claimant has a "severe impairment" under the regulations, whether the claimant can perform his past work despite any limitations; and (5) if the claimant does not have the residual functional capacity to perform past work, whether the claimant can perform any other gainful and substantial work in the economy, considering his age, education, work experience, and residual functional capacity. 20 C.F.R. § 404.1520(b)-(f). In the first four steps of the evaluation process, the claimant bears the burden of proving disability; on the fifth step, the

gainful activity since June 1, 2015, the alleged onset date. At steps two and three, the ALJ found that Plaintiff had severe impairments of fibromyalgia, migraines, status post-malignant neoplasm of breast, obesity, anxiety, and affective disorder; nevertheless, the ALJ found that her impairments or combination of impairments did not meet or medically equal the severity of any listed impairment in the social security regulations. At step four, the ALJ found Plaintiff had the residual functional capacity ("RFC")[3] to perform light work, with certain limitations, but was incapable of performing her past relevant work. At step five, relying on the testimony of the vocational expert ("VE"), the ALJ found that Plaintiff can work as a packer, assembler, and wire sorter—jobs that exist in significant numbers in the national economy.

Plaintiff appealed the ALJ's decision to the Appeals Counsel, and the Council affirmed. Plaintiff then filed this action in federal district court and argues the ALJ erred in finding her not disabled because he failed to properly consider all of her functional limitations in determining her RFC and failed to analyze the treating sources' opinions under 20 C.F.R. § 404.1527(c)'s factors. Plaintiff contends that, as a result, the RFC with respect to her mental and physical limitations is not supported by substantial evidence.

---

burden shifts to the Commissioner to show that there is substantial work in the national economy that claimant can perform. *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Copeland*, 771 F.3d at 923; *Audler*, 501 F.3d at 448. If the Commissioner meets this burden, the claimant must then prove that he cannot in fact perform the work suggested. *Waters v. Barnhart*, 276 F.3d 716, 718 (5th Cir. 2002). A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Copeland*, 771 F.3d at 923; *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987) (citation omitted).

[3] "Residual functional capacity" or "RFC" refers to the claimant's ability to do work despite any physical or mental impairments. 20 C.F.R. § 404.1545(a). The ALJ is responsible for assessing and determining residual functional capacity at the administrative hearing level. *Id.* § 404.1546. "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis." SSR 96-8p. The assessment should be based on all the relevant evidence in the case record, including opinions submitted by treating physicians or other acceptable medical sources. 20 C.F.R. § 404.1545; SSR 96-8p. The RFC assessment "must include a resolution of any inconsistencies in the evidence." *Myers v. Apfel*, 238 F.3d 617, 620 (5th Cir. 2001).

On July 2, 2019, the magistrate judge issued his Report, accepting the Commissioner's arguments that the ALJ's determination was supported by substantial evidence, and recommending the Court affirm the Commissioner's determination that Plaintiff was not entitled to a period of disability or disability insurance benefits. The magistrate judge found that "[s]ubstantial medical evidence of record supports the ALJ's assessment of Plaintiff's mental limitations and her RFC." Report 12, ECF No. 19. He further found that the ALJ's failure to analyze the treating sources' opinions under 20 C.F.R. § 404.1527(c)'s factors did not constitute reversible error. *Id.* at 10-11.

On July 15, 2019, Plaintiff filed objections to the Report. *See* ECF No. 20. The Commissioner did not file a response to Plaintiff's objections.

## II.  LEGAL STANDARD

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995); *Austin v. Shalala*, 994 F.2d 1170, 1147 (5th Cir. 1993). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001); *Richardson v. Perales,* 402 U.S. 389, 401 (1977); *accord Copeland*, 771 F.3d at 923. It is more then a scintilla, but less than a preponderance. *Boyd*, 239 F.3d at 704; *Perales*, 402 U.S. at 401; *Haywood v. Sullivan,* 888 F.2d 1463, 1466 (5th Cir. 1989). The district court may not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Copeland*, 771 F.3d at 924; *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Johnson v. Bowen*, 864 F.2d 340, 343-44 (5th Cir. 1988). The Court must scrutinize the record, however, to ascertain whether

substantial evidence supports the Commissioner's findings. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988). A finding of no substantial evidence is appropriate only when there is no medical evidence or credible evidentiary choices in the record to support the Commissioner's decision. *Johnson*, 864 F.2d at 343-44. If the findings are supported by substantial evidence, "they are conclusive and must be affirmed." 42 U.S.C. § 405(g). The Court "may affirm only on the grounds that the Commissioner stated for [the] decision." *Copeland*, 771 F.3d at 923 (citation omitted).

A disabled worker is entitled to monthly benefits under the Social Security Act if certain conditions are met. 42 U.S.C. §423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of twelve months. *Id.* § 423(d)(1)(A); *see also Copeland*, 771 F.3d at 923; *Cook v. Heckler,* 750 F.2d 391, 393 (5th Cir. 1985).

In reviewing the propriety of a decision that a claimant is not disabled, the Court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The Court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995).

The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (citing *Pierre v. Sullivan*, 884 F.2d 799, 802 (5th Cir. 1989) (per curiam); *Kane v. Heckler*, 731 F.2d 1216, 1219 (5th Cir. 1984)). If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *See id.* (citing

*Kane*, 731 F.2d at 1219). However, the Court does not hold the ALJ to procedural perfection and will reverse the ALJ's decision as not supported by substantial evidence where the claimant shows that the ALJ failed to fulfill the duty to adequately develop the record only if that failure prejudiced Plaintiff, *see Jones v. Astrue*, 691 F.3d 730, 733 (5th Cir. 2012)—that is, only if Plaintiff's substantial rights have been affected, *see Audler*, 501 F.3d at 448 (citing *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir. 1988) (per curiam)). "Prejudice can be established by showing that additional evidence would have been produced if the ALJ had fully developed the record, and that the additional evidence might have led to a different decision." *Ripley*, 67 F.3d at 557 n.22 (citing *Kane*, 731 F.2d at 1220). Otherwise stated, Plaintiff "must show that [he] could and would have adduced evidence that might have altered the result." *Brock v. Chater*, 84 F.3d 726, 728-29 (5th Cir. 1996) (per curiam) (citing *Kane*, 731 F.2d at 1220).

### III. ANALYSIS

Plaintiff objects to the magistrate judge's findings and conclusion that substantial evidence supported the ALJ's determination that she was not disabled. In support, Plaintiff contends the ALJ erred in finding her not disabled because he failed to properly consider all of her functional limitations in determining her RFC and failed to analyze the treating sources' opinions under 20 C.F.R. § 404.1527(c)'s factors. Specifically, Plaintiff argues that remand is appropriate because the ALJ failed to consider the factors under 20 C.F.R. § 404.1527(c) with respect to the opinions of her treating psychiatrist, Dr. Wasiq Zaidi, and her treating physician, Dr. Gerald L. Ray. Because of this alleged error, Plaintiff contends that the ALJ's RFC with respect to her mental and physical limitations is not supported by substantial evidence. After conducting a *de novo* review of the issues

raised in Plaintiff's objections, as required by 28 U.S.C. § 636(b)(1) and Rule 72(b)(3), the Court accepts the Report in part, rejects it in part, and reverses the decision of the Commissioner.

The Court will first address Plaintiff's objection to the magistrate judge's finding that the ALJ did not err in evaluating the medical opinion of Dr. Zaidi, Plaintiff's treating psychiatrist.

### A. Evaluating Medical Opinion of Treating Psychiatrist, Dr. Zaidi

Plaintiff contends that, when determining her mental RFC, the ALJ failed to properly consider functional limitations contained in the opinion of her treating psychiatrist, Dr. Zaidi. She argues that the ALJ failed to give Dr. Zaidi's opinion controlling weight and improperly weighed his opinion by failing to conduct the detailed analysis required by *Newton v. Apfel*, 209 F.3d 448 (5th Cir. 2000). Plaintiff objects that the magistrate judge improperly found that the ALJ was entitled to reject Dr. Zaidi's opinion because Dr. Zaidi's "medical opinion is conflicting." Obj. 2, ECF No. 20 (quoting Report 6). Having conducted a de novo review, and for the reasons that follow, the Court **sustains** Plaintiff's objection.

With respect to claims filed before March 27, 2017, such as in this case, the ALJ must evaluate medical opinion evidence in the manner prescribed by 20 C.F.R. § 404.1527.[4] When considering whether a claimant is disabled, the Commissioner considers the medical evidence available, including medical opinions. *See* 20 C.F.R. § 404.1527(b). Medical opinions may come from treating sources (such as primary care physicians), non-treating sources (physicians who perform a single examination of the claimant), or non-examining sources (a physician who reviews only the claimant's medical record). *See generally* 20 C.F.R. § 404.1502. The Fifth Circuit has "long

---

[4] On March 27, 2017, the Social Security Administration amended many regulations. The pertinent version of the regulations in this case, however, are those in effect when the claimant filed her claim in October 2015. Except to bring attention to the effective date of an amended provision, this recommendation will cite to the applicable version without parenthetical year information.

Order - Page 7

held that ordinarily the opinions, diagnoses, and medical evidence of a treating physician who is familiar with the claimant's injuries, treatments, and responses should be accorded considerable weight in determining disability." *Greenspan v. Shalala*, 38 F.3d 232, 237 (5th Cir. 1994) (quoting *Scott v. Heckler*, 770 F.2d 482, 485 (5th Cir. 1985)). Nevertheless, even opinions from a treating source are "far from conclusive," because ALJs have "the sole responsibility for determining the claimant's disability status." *Id.*; *accord Paul v. Shalala*, 29 F.3d 208, 211 (5th Cir. 1994).

After identifying relevant medical opinions of treating physicians, ALJs must determine whether any such opinion is entitled to controlling weight." *Bentley v. Colvin*, 2015 WL 5836029, at *7 (N.D. Tex. Sept. 30, 2015) (citing 20 C.F.R. § 404.1527(c)(2)). The regulations provide a six-factor detailed analysis to follow unless the ALJ gives "a treating source's opinion controlling weight." 20 C.F.R. § 404.1527(c)(1)-(6). "When a treating source has given an opinion on the nature and severity of a patient's impairment, such opinion is entitled to controlling weight if it is (1) 'well-supported by medically acceptable clinical and laboratory diagnostic techniques' and (2) 'not inconsistent with' other substantial evidence." *Wilder v. Colvin*, 2014 WL 2931884, at *3 (N.D. Tex. June 30, 2014) (quoting *Newton*, 209 F.3d at 455). Moreover, "absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician *only* if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in [the regulations]." *Newton*, 209 F.3d at 453 (emphasis added).

ALJs who find a treating source opinion not entitled to controlling weight must consider the six factors of § 404.1527(c) to properly assess the weight to give such opinions. *Id.* at 456. Unless controlling weight is given to a treating source's opinion per § 404.1527(c)(2), an ALJ is to consider

the following factors in determining the weight to give to "any medical opinion": (1) the physician's examining relationship; (2) the nature and extent of the treatment relationship, length of treatment and frequency of examination; (3) the support a medical source presents for its opinion, in terms of objective evidence and explanation; (4) the consistency of the opinion with the record as a whole; (5) the specialization of the physician; and (6) other factors, including a medical source's amount of understanding of "our disability programs and their evidentiary requirements." 20 C.F.R. § 404.1527(c). Medical sources other than treating sources do not carry the same "considerable weight," but they still must be considered. *See Robinson v. Astrue*, 271 F. App'x 394, 396 (5th Cir. 2008) (per curiam); *Kneeland v. Berryhill*, 850 F.3d 749, 760 (5th Cir. 2017). However, "*Newton* requires only that the ALJ 'consider' each of the [§ 404.1527(c)] factors and articulate good reasons for [his] decision to accept or reject the treating physician's opinion. The [ALJ] need not recite each factor as a litany in every case." *Jeffcoat v. Astrue*, 2010 WL 1685825, at *3 (N.D. Tex. April 23, 2010); *accord Emery v. Astrue*, 2008 WL 4279388, at *5 (N.D. Tex. Sept. 17, 2008). *Newton*, furthermore, does not require the detailed analysis when "there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another." *Newton*, 209 F.3d at 458. Likewise, the detailed analysis under *Newton* is not necessary when the ALJ has weighed the treating physician's opinion against opinions of other treating or examining physicians who "have specific medical bases for a contrary opinion." *Id.*

The ALJ, as fact-finder, "has the sole responsibility for weighing evidence and may choose whichever physician's diagnosis is most supported by the record." *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991). ALJs have considerable discretion in assigning weight to medical opinions and may reject the opinion of a physician when the evidence supports a contrary conclusion. *Newton*, 209

F.3d at 455-56. Additionally, for good cause shown, an ALJ may assign little or no weight to an opinion from a treating source. *Id.* "Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Id.* at 456.

There appears to be no dispute that Plaintiff has mental impairments that limit her ability to work. The dispute arises from what effect her mental impairments have on her functional ability to engage in any substantial gainful activity. Plaintiff has set forth a thorough summary of the relevant medical evidence and states that her dispute is with the ALJ's findings regarding her mental limitations and the magistrate judge's findings that the ALJ did not err.

The record contains treatment notes of Dr. Zaidi, Plaintiff's treating psychiatrist,, from as far back as June 2013. Tr. 319, ECF No. 14-1. Following hospitalization, Dr. Zaidi reported a diagnosis of recurrent major depressive disorder. *Id.* at 332-34. Treatment notes reflect signs of depression and anxiety, and Dr. Zaidi added a diagnosis of generalized anxiety disorder. *Id.* at 549. Progress notes reflect that the Plaintiff reported that she has high levels of anxiety and becomes easily frustrated. Dr. Zaidi noted a flat affect, sad demeanor, with signs of both depression and anxiety. *Id.* at 553. Dr. Zaidi reported that Plaintiff had an extreme inability to function with regard to her ability to maintain focus/attend/concentrate throughout a normal workday. He also reported that her impairment significantly affects her ability to function with regard to her capacity to maintain appropriate control of emotions; and to maintain her own personal safety and the safety of others. *Id.* at 492. She contends that the ALJ failed to properly consider Dr. Zaidi's opinion in assessing her

RFC, and that the magistrate judge erred in finding that the ALJ was entitled to reject Dr. Zaidi's opinions without considering the factors set forth in § 404.1527.

As a treating source, the medical opinion of Dr. Zaidi is entitled to controlling weight if well-supported as required by the regulations and not inconsistent with other substantial evidence. The ALJ did not accord Dr. Zaidi's opinion controlling weight, but instead gave it little to no weight. At this point, there is no need to determine whether the ALJ erred in not giving the opinion controlling weight because, even if the Court were to find no error in that respect, such finding merely clears the first hurdle. Once the ALJ finds that a medical opinion of a treating source is not entitled to controlling weight, he or she must make the detailed analysis required by 20 C.F.R. § 404.1527(c) unless there is reliable medical evidence from a treating or examining physician controverting the opinions of the treating source.

In this case, the ALJ did not recite the six factors, although he does note in conclusory fashion that he had "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527" and various social security rulings. *See* Tr. 22, ECF No. 14-1. "An ALJ cannot substitute a general, conclusory statement for consideration of the six factors." *Davis v. Berryhill*, 2017 WL 3701689, at *8 (N.D. Tex. Aug. 10, 2017), *report and recommendation adopted*, 2017 WL 3674856 (N.D. Tex. Aug. 25, 2017) (O'Connor, J.). Furthermore, while the ALJ's decision reflects consideration of some factors, overall, the decision does not reflect consideration of all of the factors. It thus appears that the ALJ procedurally erred by not more fully considering and weighing the opinion of Dr. Zaida.

The Commissioner contended in briefing before the magistrate judge that *Newton* does not require the detailed analysis of the six factors when there is competing first hand medical evidence

that supports the ALJ's decision. This is a correct statement of the law. The magistrate judge, however, found that the ALJ did not err in failing to perform a six-step analysis because inconsistencies in Dr. Zaida's opinions made this task unnecessary. *See* Report 6, ECF No. 19. As noted above, the Commissioner has failed to address this objection.

"*Newton* indeed eliminates the requirement to provide a detailed analysis when 'there is competing first-hand medical evidence and the ALJ finds as a factual matter that one doctor's opinion is more well-founded than another.'" *Howeth v. Colvin*, 2014 WL 696471, at *7 (N.D. Tex. Feb. 24, 2014) (quoting *Newton*, 209 F.3d at 458). "Similarly, a detailed analysis is unnecessary when the ALJ has weighed the treating physician's opinion against other treating or examining physicians who 'have specific medical bases for a contrary opinion.'" *Perry v. Colvin*, 2015 WL 5458925, at *9 (N.D. Tex. Sept. 17, 2015) (quoting *Newton*, 209 F.3d at 458).

Although the magistrate judge found that internal inconsistencies in Dr. Zaidi's reports and opinions supported the ALJ's decision to give his opinions little weight, "inconsistencies within the records of the *same treating physician* 'do not fall within the competing first-hand medical evidence exception' recognized in *Newton*." *Id.* (quoting *Howeth*, 2014 WL 696471, at *8). As the district court explained in *Howeth*:

> The competing first-hand medical evidence exception to avoiding the detailed analysis of the six § 1527(c)(2) factors does not contemplate using other evidence from the same physician. To the contrary, use of such evidence is fully anticipated within two of the six required factors—support for the physician's opinions in the medical evidence of record and consistency of the opinions with the record as a whole.

*Howeth*, 2014 WL 696471, at *8. Inconsistencies within a treating source's own records "do not justify bypassing the detailed analysis of the six factors." *Perry*, 2015 WL 5458925, at *9; *accord Losasso v. Comm'r of Soc. Sec.*, 2017 WL 1251076, at *8 (E.D. Tex. Mar. 24, 2017).

Although it appears that the ALJ erred in weighing and considering the medical opinion of Dr. Zaidi, a procedural error does not require reversal and remand, unless the error affects the substantial rights of the claimant. *Snodgrass v. Colvin*, 2013 WL 4223640, at *7 (N.D. Tex. Aug. 13, 2013) (citing *Taylor v. Astrue*, 706 F.3d 600, 603 (5th Cir. 2012)). To warrant reversal, the error must "cast into doubt the existence of substantial evidence to support the ALJ's decision." *Morris v. Bowen*, 864 F.2d 333, 335 (5th Cir. 1988). "Remand is required only when there is a realistic possibility that the ALJ would have reached a different conclusion absent the procedural error." *Ware v. Colvin*, 2013 WL 3829472, at *4 (N.D. Tex. July 24, 2013) (citing *January v. Astrue*, 400 F. App'x 929, 933 (5th Cir. 2010) (per curiam)).

On the record before the Court, the failure to conduct the detailed analysis is not harmless error. The ALJ's RFC assessment of Plaintiff's mental condition is not based upon a proper evaluation and assessment of Dr. Zaidi's opinion. Had the ALJ considered the medical opinion of Dr. Zaidi, it is conceivable that he may have reached a different conclusion. *See Davidson v. Colvin*, 164 F. Supp. 3d 926, 944 (N.D. Tex. 2015); *Conte v. Comm'r Soc. Sec. Admin.*, 2017 WL 1037570, at *8 (E.D. Tex. Mar. 16, 2017). Furthermore, rejecting medical opinions when there is no contrary opinion from a treating or examining source requires usurping the physicians' role. *See Newton*, 209 F.3d at 453-58. "That is neither the role of the ALJ nor this Court. Neither the courts nor ALJs may rely on their own medical opinions as to the limitations presented by a claimant's impairments." *Howeth*, 2014 WL 696471, at *11 (citing *Williams v. Astrue*, 355 F. App'x 828, 832 (5th Cir. 2009) (per curiam) (reversing denial of benefits when the ALJ impermissibly relied on his own medical opinions as to limitations presented by the claimant's impairments)). It is reversible error for ALJs to substitute their own medical opinions for those of a treating physician. *Evans v. Colvin*, 2015 WL

9685552, at *3 (N.D. Tex. Dec. 8, 2015) (recommendation of Mag. J.), *adopted by* 2016 WL 112645 (N.D. Tex. Jan. 8, 2016).

The Commissioner in this case carried his step five burden through testimony of a VE who identified light jobs based upon the RFC assessed by the ALJ. Had the ALJ properly considered the medical opinion of Dr. Zaida , there is a realistic possibility that his RFC assessment would have changed. The opinions of Dr. Zaidi with regard to Plaintiff's ability to maintain focus/attend/concentrate throughout the normal workday support limitations greater than the RFC assessment in this area.[5] A change in the limitations within the questioning to the VE would cast doubt upon the existence of substantial evidence to support the ALJ's decision because to constitute substantial evidence to support a step five finding of non-disability, testimony from a VE must include all limitations warranted by the evidence. *See Masterson v. Barnhart*, 309 F.3d 267, 273 (5th Cir. 2002); *Boyd*, 239 F.3d at 706. Accordingly, to rely on the VE testimony to satisfy the step 5 burden, the ALJ's hypothetical questioning would need to include all limitations warranted by the evidence.

In sum, for the above-stated reasons, the Court sustains Plaintiff's objection to the magistrate judge's finding that the ALJ did not commit reversible error in evaluating the opinion of her treating psychiatrist, Dr. Zaidi, and thus declines to accept the Report as it relates to evaluating and weighing

---

[5] The ALJ's inadequate application of the § 404.1527(c) factors and decision to give little weight to Dr. Zaida's opinions also affect whether the ALJ's mental RFC finding is supported by substantial evidence. The ALJ found that Plaintiff's severe mental impairments resulted in mild limitations in understanding, remembering, or applying information; with regard to interacting with others; and with regard to concentrating, persisting, or maintaining pace, and moderate limitations with regard to adapting or managing herself. *See* Tr. 16-17, ECF No. 14-1. The ALJ never referred to the opinion of Dr. Zaidi in reaching his conclusions as to Plaintiff's degree of limitation with regard to her ability to maintain concentration, persist in a work task, or perform at an acceptable work pace. In addition, he never referred to the opinions of the state agency medical consultant who found moderate restrictions in these areas.

Dr. Zaidi's opinion and its potential impact on the ALJ's assessment of Plaintiff's mental RFC, *see supra* note 5.[6]

### B. Evaluating Medical Opinion of Treating Physician, Dr. Ray

Plaintiff makes many of the same objections to the magistrate judge's finding that the ALJ did not err in his evaluation of the medical opinion of Dr. Ray, her treating physician. For the reasons that follow, the Court **overrules** these objections.

Dr. Ray reported diagnoses of fibromyalgia, depressive disorder, anxiety disorder and migraine headaches. He noted that these conditions have evolved to the point where Plaintiff can no longer perform job duties due to pain, poor concentration and low tolerance to work related stress (Tr. 457). In assessing Plaintiff's ability to perform work-related activities, Dr. Ray reported that the Plaintiff can sit 10 minutes at a time; stand 15 minutes at a time; and can walk 15 minutes at a time (*Id.*). She can lift up to 20 pounds occasionally (Tr. 458). However, he noted side effects of medication, including dizziness, drowsiness, fatigue, "brain fog," heart palpitations and shortness of breath (Tr. 459). In an additional statement, Dr. Ray reported that Ms. White can only work one to two hours per day. He noted that her chronic pain and symptoms are worse with work (Tr. 472).

The ALJ considered Dr. Ray's opinion and found it "generally, but not fully, consistent with the longitudinal record" (Tr. 23). Plaintiff criticizes the ALJ's assessment of the opinion of Dr. Ray, arguing that limiting Plaintiff to light work may not accommodate the limitations reported by Dr. Ray, as the ALJ made no accommodation for alternating positions every 15 to 30 minutes, as Dr. Ray suggested, and never incorporated such a limitation in his hypothetical questions to the VE. Plaintiff

---

[6] While not required to give controlling weight to the opinion of Plaintiff's treating counselor, Ms. Dalrymple, as Plaintiff argues in her objections, contrary to the magistrate judge's findings, the ALJ also erred in not evaluating her opinion under the factors set forth in 20 C.F.R. § 404.1527 (Social Security Ruling 006-03P).

asserts, under the *Newton* case, that the ALJ was required to evaluate Dr. Ray's opinion pursuant to the regulatory framework found at 20 C.F.R. § 404.1527. *See id; see Newton*, 209 F.3d at 453. The magistrate judge rejected Plaintiff's argument, finding no error. The Court agrees.

As previously explained, the *Newton* requirement to perform a detailed analysis pursuant to the regulatory framework found at 20 C.F.R. § 404.1527 only applies where the ALJ dismisses the opinion of a treating physician in the absence of competing first-hand medical evidence. *See* Newton, 209 F.3d at 453. A *de novo* review of the record supports the magistrate judge's finding and conclusion that the ALJ properly evaluated Dr. Ray's opinion. Competing first-hand medical evidence exists in the form of numerous medical records (*see* Tr. 606-608, 784-798, 1098), that support the ALJ's conclusion that Dr. Ray's opinion was not fully consistent with the record. *See* Tr. 23, ECF No. 14-1. Accordingly, the requirements of *Newton* do not apply and the magistrate judge properly rejected Plaintiff's arguments to the contrary.

## IV. CONCLUSION

Having conducted a *de novo* review of all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and the filed objections, to which the Commissioner did not respond, in accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court hereby determines that the Findings and Conclusions of the Magistrate Judge are partially correct as stated herein. To that extent, the Court accepts the findings and conclusions as the findings and conclusions of the Court. It otherwise does not accept the findings and conclusions and **REVERSES** the decision of the Commissioner to deny Disability Insurance Benefits to Plaintiff. For the reasons stated herein, the Court **REMANDS** this action for further consideration consistent with this Order. If the Commissioner determines that the

opinions of Dr. Zaidi are inconclusive or otherwise inadequate to receive controlling weight, the Commissioner shall seek clarification or additional evidence in accordance with 20 C.F.R. §§ 404.1512(e) and 416.912(e).

**SO ORDERED** this **26th day** of **August, 2019.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**