IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| CALLIE CHARLINE WHITE,      § | |
| § | |
| Plaintiff,      § | |
| § | |
| v.      § | Civil Action No. 4:18-cv-00745-O-BP |
| § | |
| COMMISSIONER OF      § | |
| SOCIAL SECURITY,      § | |
| § | |
| Defendant.      § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Plaintiff's Petition to Obtain Approval of a Fee for Representing a Social Security Claimant. ECF No. 27. After reviewing the record and the applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **GRANT** the Petition.

**I.     BACKGROUND**

Plaintiff's counsel, Ronald D. Honig, Esq., filed the Complaint in this case on September 10, 2018, seeking reversal of an adverse decision of the Commissioner under 42 U.S.C. § 405(g). ECF No. 1. The Commissioner answered the Complaint and filed the administrative record on November 27, 2018. ECF Nos. 12 and 14. By order entered the next day, the Court ordered the parties to file briefs, and Plaintiff filed her brief on January 7, 2019. ECF Nos. 15 and 16. The Commissioner filed a brief on February 6, 2019, and Plaintiff filed her reply on February 21, 2019. ECF Nos. 17 and 18. The undersigned entered Findings, Conclusions, and Recommendation on July 2, 2019, which Judge O'Connor accepted in part. ECF Nos. 19 and 21. Judge O'Connor

entered judgment reversing the decision of the administrative law judge at issue and remanding the case to the Commissioner for further administrative action on August 26, 2019. ECF No. 22.

Plaintiff filed a Petition and Brief for Award of Attorney Fees and Court Costs Under the Equal Access to Justice Act ("EAJA") on September 25, 2019. ECF No. 25. By order dated December 19, 2019, Judge O'Connor granted the Petition and awarded Plaintiff's counsel $5,620.05 in attorney fees and $400.00 in costs. ECF No. 26.

The Commissioner entered his Notice of Award on August 5, 2020, which awarded Plaintiff past due benefits and withheld $12,154.50 for attorney fees. ECF No. 27-1 at 14-19. In his pending Petition, Mr. Honig seeks to recover those withheld attorney fees, which represent 25% of Plaintiff's past-due benefits. ECF No. 27 at 3. Mr. Honig represents that he will reimburse Plaintiff the $5,620.05 attorney fee award previously entered under the EAJA should the Court award him the withheld attorney fee as he requests. *See* ECF No. 27 at 9.

In the Contingency Fee Contract between Plaintiff and Mr. Honig dated September 10, 2018, Plaintiff agreed to pay Mr. Honig 25% of all past due benefits awarded to Plaintiff and any beneficiaries entitled to benefit under Plaintiff's account after an appeal to the Appeals Council, such as occurred in this case. ECF No. 27-1 at 2. Plaintiff also agreed to pay all costs advanced by Mr. Honig. *Id.* at 3.

The Petition indicates that Mr. Honig spent 27.1 hours in representing Plaintiff in this case. ECF No. 27 at 10-12. The Affidavit of Mr. Honig attached to the Petition also describes in some detail Mr. Honig's substantial experience in representing claimants such as Plaintiff in cases like this one. *Id.* at 13-15. It reflects that Mr. Honig charges $375.00 an hour for Social Security work on matters that he has handled at an hourly rate. *Id.* at 15. Given the amount of the withheld

attorney fee and the time that Mr. Honig devoted to the case, his approximate effective hourly rate represented by the fee request is $448.51.

In his response to the Petition, the Commissioner "respectfully declines to assert a position on the reasonableness of Plaintiff's attorney's request, because the Commissioner is not the true party in interest." ECF No. 29 at 1.

## II. LEGAL STANDARDS AND ANALYSIS

Under the Social Security Act,

> [w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A). *See also Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013) ("§ 406(b) fees are authorized in cases where an attorney obtains a favorable decision on remand"). Although this provision does not take the place of an agreed fee arrangement between attorney and client, it does provide "court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808 (2002). Thus, contingent fee contracts that provide for fees in excess of 25% are unenforceable, and an attorney seeking to recover a fee still must show that the fee is reasonable. *Id.* at 807-08. "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is in order to disallow windfalls for lawyers." *Jeter v. Astrue*, 622 F.3d 371, 379 (5th Cir. 2010) (quotation marks and citation omitted).

The Fifth Circuit has recognized a number of factors the Court should consider in evaluating a claim for attorney fees under § 406(b)(1)(A). These include "risk of loss in the representation, experience of the attorney, percentage of the past-due benefits the fee constitutes, value of the case to a claimant, degree of difficulty, and whether the client consents to the requested

3

fee." *Jeter*, 622 F.3d at 381-82. Although the courts often use the lodestar method for evaluating the reasonableness of attorney fees, particularly in cases in which a statute provides for shifting responsibility for payment of the fees, this method does not apply to an application for attorney fees under § 406(b)(1)(A). *Gisbrecht*, 535 U.S. at 801-02.

In this case, the factors support an award of attorney fees to Mr. Honig in the amount requested. Mr. Honig faced a significant risk of not recovering any fee when he agreed to represent Plaintiff. "[T]he Fifth Circuit and district courts in this circuit have acknowledged the high risk of loss inherent in Social Security appeals and the fact that a particular claimant's attorney often is not compensated at all for Social Security work in federal court." *Hartz v. Astrue*, No. 08-4566, 2012 WL 4471846, at *6 (E.D. La. Sept. 12, 2012) (collecting cases). *See also Charlton v. Astrue*, No. 3:10-CV-0056-O-BH, 2011 WL 6325905, at *4 (N.D. Tex. Nov. 22, 2011) (recognizing that on average 35 percent of persons appealing their Social Security disability cases to federal court recover benefits).

The file reflects that Mr. Honig specializes in Social Security disability cases, has an extensive practice, and has many years of experience in this area. ECF No. 27 at 13-15. The fact that Plaintiff was not successful at the administrative level is some evidence of the difficulty of the issues Mr. Honig confronted in pursuing the case in this Court. *Adrienne W. v. Saul*, No 3:17-cv-1218-N-BT, 2020 WL 2364635 (N.D. Tex. Mar. 24, 2020), *rec. adopted*, 2020 WL 2331702 (N.D. Tex. May 8, 2020).

Plaintiff agreed to the 25% fee requested in the pending Petition, and this percentage is within the limit provided by law. Plaintiff recovered substantial past-due benefits and will continue to receive benefits until her retirement age if she remains disabled and higher retirement benefits at that time.

The effective hourly rate for Mr. Honig in this matter is more than the hourly rate he usually charges in Social Security cases in which he represents clients on an hourly basis. However, the undersigned concludes that $448.51 per hour is reasonable in this case given the contingent fee contract between Plaintiff and Mr. Honig, the specialized nature of the engagement, Mr. Honig's experience and expertise in this area of the law, and the result obtained.

Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** Plaintiff's Petition to Obtain Approval of a Fee for Representing a Social Security Claimant (ECF No. 27) and **AWARD** Ronald D. Honig, Esq., attorney fees in the amount of $12,154.50 under 42 U.S.C. § 406(b). The Court also should **ORDER** the Commissioner to certify and disburse this amount from Plaintiff's past-due benefits to Plaintiff's counsel and **ORDER** Plaintiff's counsel to promptly return to Plaintiff the $5,620.05 attorney fee award previously entered under the Equal Access to Justice Act.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Findings, Conclusions, and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d

1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on January 8, 2021.

                                                                           _____  
                                                                            Hal R. Ray, Jr.  
                                                                            UNITED STATES MAGISTRATE JUDGE